# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MEGAN J. SWINEY f/k/a MEGAN FLINT, <br><br> Plaintiff, <br><br> v. <br><br> AMSHER COLLECTION SERVICES, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:21-cv-02057 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MEGAN J. SWINEY f/k/a MEGAN FLINT ("Plaintiff"), by and through the undersigned, complaining as to the conduct of AMSHER COLLECTION SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

### PARTIES

1

4. Plaintiff is a 40 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Defiance, Ohio, which lies within the Northern District of Ohio.

5. Defendant is a third party debt collector that claims to have been "recovering outstanding receivables with care & consistency for more than 30 years."[1] Defendant is a corporation organized under the laws of the state of Alabama with its principal place of business located at 4524 Southlake Parkway, Suite 15, Hoover, Alabama.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding T-Mobile debt ("subject debt") said to be owed by Plaintiff.

9. Any services Plaintiff had with T-Mobile were for her personal purposes.

10. Upon information and belief, Defendant acquired collection rights to the subject debt sometime after Plaintiff defaulted on the subject debt.

11. In approximately early October 2021, Plaintiff began receiving calls from Defendant to her cellular phone, (419) XXX-3334, seeking collection of the subject debt.

12. Defendant mainly uses the phone number (205) 980-3334 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

13. Upon information and belief, the above referenced phone number ending in 3334 is regularly utilized by Defendant during its debt collection activity.

---

[1] https://www.amsher.com/

14. Upon speaking with Defendant, Plaintiff was informed that it was calling to collect upon the subject debt.

15. Plaintiff informed Defendant that she was going to be filing bankruptcy, that she would not be paying the subject debt, and further demanded that Defendant's phone calls stop.

16. However, rather than consider Plaintiff's information and her demand that the phone calls stop, Defendant persisted in placing phone calls to Plaintiff's cellular phone seeking collection of the subject debt.

17. After one such call, Plaintiff contacted Defendant to further complain about receiving additional calls after she already demanded that Defendant's calls stop.

18. Defendant's representative responded by being rude toward and belittling Plaintiff for the position she found herself in.

19. In total Respondent has placed numerous and repeated calls to Plaintiff not in a legitimate attempt to collect the subject debt from Plaintiff, but instead in a harassing attempt to compel Plaintiff's payment on the subject debt.

20. Frustrated and concerned by the nature of Defendant's collection conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in the expenditure of time and accrual of resources.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692d**

27. The FDCPA, pursuant to 15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §§ 1692d & d(5) when it repeatedly called Plaintiff after being informed she was filing for bankruptcy, would not pay the debt, and after she demanded Defendant's calls cease. Defendant engaged in its campaign of phone calls not in a legitimate attempt to collect the subject debt from Plaintiff, but instead as a means to harass Plaintiff into submission.

29. Defendant further violated § 1692d through the harassing and belittling manner in which Defendant treated Plaintiff during their conversations. Defendant's representative was abusively

4

condescending and treated Plaintiff the way it did in a manner calculated to harass and abuse Plaintiff.

### b. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to ceaselessly contact Plaintiff with repeated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed voluminous calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly harassed Plaintiff through repeated phone calls notwithstanding her demands and the information she provided to Defendant.

35. Defendant further violated § 1692f when it unfairly belittled Plaintiff and treated Plaintiff in a condescending manner.

WHEREFORE, Plaintiff, MEGAN J. SWINEY f/k/a MEGAN FLINT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 29, 2021               Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103              Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                          Counsel for Plaintiff
Admitted in the Northern District of Ohio     Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                       Lombard, Illinois 60148
(630) 568-3056 (phone)                        (331) 307-7648 (phone)
(630) 575-8188 (fax)                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                      ecoleman@sulaimanlaw.com